UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:12-CR-00040-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSEPH ALAN LEONARD | ) | |

This matter is before the court on defendant's *pro se* motion for return of property.[1] (DE # 63.) As ordered, the government filed a response to the motion. (DE # 68.)

In 2012, defendant pled guilty to securities fraud in violation of 15 U.S.C. § 78j(b). As part of his plea agreement, defendant agreed to make restitution to a number of victims. (Pl. Agree., DE # 22, at 1.) At sentencing, some of the victims testified. One of those victims, defendant's uncle, stated that defendant had informed him that funds were being held by defense counsel in escrow and in trust to repay him (the victim). (10/1/12 Tr., DE # 54, at 16, 19.) The victim questioned defense counsel directly, "Mr. James, do you have any of Joe's accounts being held in escrow and in trust as Joe claims you have?" (Id. at 19.) Later during the sentencing hearing, defense counsel was given the opportunity to argue with respect to defendant's sentence. At that time, defense counsel stated, "I need to say as an aside and as an officer of this court, I do not have, have never had, any funds in my trust account that belong to any third party that were put there by Mr. Leonard for distribution to any third party. And I feel like I need to

---

[1] Defendant claims that the instant motion is his "second request" for return of property. (Mot., DE # 63, at 2.) The court has no record of an earlier filed motion. The court notes that the instant motion was initially filed with the Wake County Clerk of Clerk and that Clerk forwarded the motion to the Clerk for this court, the United States District Court for the Eastern District of North Carolina.

say that given some of the witnesses' statements." (Id. at 40.) Then, after the court's pronouncement of defendant's sentence, which included 210 months imprisonment and defendant being ordered to pay more than $950,000 in restitution, the following discourse occurred between defense counsel and the court.

>	MR. JAMES:  MAY I BRING TO THE COURT'S ATTENTION ONE MORE MATTER?
>	THE COURT:  YES.
>	MR. JAMES:  I AM HOLDING IN MY SAFETY DEPOSIT BOX AN ORIGINAL CERTIFICATE OF PROTON THERAPY U.S.A. NAMING MR. LEONARD AND THE AMOUNT IS THREE MILLION SHARES. I WOULD LIKE TO TENDER THAT TO THE COURT AND ALLOW WHATEVER PARTY, WHOEVER IT MAY BE, AS PART OF THIS SENTENCING.  MR. LEONARD HAS INSTRUCTED ME AND AUTHORIZED ME TO DO SO.  I WANTED TO BRING THAT TO THE COURT'S ATTENTION WHILE MR. LEONARD WAS PRESENT.
>	THE COURT:  ALL RIGHT.  YOU MAY TENDER IT TO THE COURT. I DON'T KNOW WHAT VALUE IT WILL BE OR WHEN.
>	MR. JAMES:  IT MAY BE NONE, YOUR HONOR, BUT IF IT DOES, THERE IS AT LEAST ONE DOCUMENT.  THERE MAY BE MORE TO FOLLOW. AND I THINK THAT I WOULD TENDER THAT TO THE COURT SO THE PARTIES CAN DEAL WITH THAT.
>	THE COURT:  ALL RIGHT. YOU MAY TENDER IT TO THE CLERK.

(Id. at 52; see also Br., DE # 42, at 1-2 (recognizing that defendant had provided to defense counsel his three million shares of stock in Proton Therapy USA, Inc. to hold in trust).) On 23 October 2012, the Clerk received the referenced stock certificate and has been holding it in the vault since that time.

Defendant appealed.  The Fourth Circuit Court of Appeals affirmed defendant's conviction and dismissed the portion of the appeal based on his sentence, finding that the appellate waiver provision contained in the plea agreement was knowing and voluntary. (DE # 64.)

By way of the instant motion, defendant requests that the stock certificate being held by

2

the Clerk be returned to him. In its response to the motion, the government states in pertinent part:

> As the Court will recall, Proton Therapy was one of the victims of the securities fraud scheme to which the defendant pleaded guilty in May of 2012. Based upon information provided to the United States by an attorney for Proton Therapy, it is the government's understanding that Proton Therapy duly rescinded the defendant's shares, in accordance with the company's by-laws, and the laws of the state in which Proton Therapy is incorporated, after they found out that the defendant had been defrauding the company by concocting fake share certificates and selling them to his clients.
> Although the defendant may now dispute this rescission of his shares, this is a matter beyond the scope of the United State [sic] government to resolve, and, in any event, the United States does not now, nor has it ever, had those stock certificates in its possession.

(DE # 68, at 1-2.) Absent an appropriate motion, the court cannot order the forfeiture of the stock certificate or similar relief.

Because there does not appear to be a basis for continuing to hold the stock certificate, the motion is ALLOWED, and the Clerk is DIRECTED to return the stock certificate to defendant at his address of record via certified mail, return receipt requested. By this order, the court expresses no opinion on the value of the stock certificate or any relief which may be had in the future regarding the certificate or the stock it represents.

This 18 March 2014.

_____
W. Earl Britt
Senior U.S. District Judge

3