UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:12-CR-40-BR
NO. 7:14-CV-300-BR

| | |
|---|---|
| JOSEPH ALAN LEONARD,<br>　　　Petitioner, | )<br>)<br>) |
| v. | )     ORDER<br>)<br>) |
| UNITED STATES OF AMERICA,<br>　　　Respondent. | )<br>) |

This matter is before the court for initial review of a 28 U.S.C. § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

In May 2012, petitioner pled guilty to a criminal information charging him with securities fraud in violation of 15 U.S.C. § 78j(b). In October 2012, the court sentenced petitioner to 210 months imprisonment. Petitioner appealed. By mandate issued 26 December 2013, the Fourth Circuit Court of Appeals affirmed in part and dismissed in part. (DE ## 64, 66.) On 18 November 2014, petitioner timely deposited the instant § 2255 motion in the prison mailing system. (DE # 82.)

In his § 2255 motion, petitioner asserts two claims of ineffective assistance of counsel. The applicable legal standard for such a claim is well established.

> To establish ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a petitioner must show both (1) that his counsel's performance was deficient and (2) that he suffered prejudice as a

> result. First, a defense attorney's performance is considered
> deficient if the "representation fell below an objective standard of
> reasonableness." *Id.* at 688. The Supreme Court has specified that
> because of the inherent difficulties in "eliminat[ing] the distorting
> effects of hindsight," courts "must indulge a strong presumption
> that counsel's conduct falls within the wide range of reasonable
> professional assistance." *Id.* at 689. Second, counsel's deficient
> performance results in prejudice if there exists "a reasonable
> probability that, but for counsel's unprofessional errors, the result
> of the proceeding would have been different," where "reasonable
> probability" means "a probability sufficient to undermine
> confidence in the outcome." *Id.* at 694. The mere conceivability
> of some effect on the outcome is insufficient. *Id.* at 693. Because
> of the deference due both trial counsel and the initial outcome
> under *Strickland's* respective prongs, "[s]urmounting *Strickland's*
> high bar is never an easy task." *Padilla v. Kentucky*, ⎯⎯ U.S. ⎯⎯
> ⎯, ⎯⎯⎯⎯, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010).

Estep v. Ballard, 502 F. App'x 234, 238 (4th Cir. 2012) (alterations in original).

Specifically, petitioner claims that trial counsel rendered ineffective assistance by failing to object to the court's violation of Federal Rule of Criminal Procedure 11 "by not advising [petitioner] of his rights to be tried by jury, confront and cross-examine adverse witnesses, against compelled self-incrimination, and to plead not guilty" and "by not explaining to and inquiring of [petitioner] personally whether he understood the nature and essential elements of the charge against him due to the complexity of the offense." (Mem., DE # 82, at 17.)[1] He then claims that "Appellate Counsel was ineffective for failing to raise and argue the Rule 11 violations on direct appeal." (Id.)

Pursuant to Rule 11(b)(1) of the Federal Rules of Criminal Procedure, before the court accepts a guilty plea, the court must inform the defendant of, and determine that the defendant understands, the right to plead not guilty, the right to a jury trial, the right at trial to confront and cross-examine adverse witnesses and to be protected from compelled self-incrimination, and the

---

[1] Citations are to page numbers generated by cm/ecf.

2

nature of the charge to which the defendant is pleading guilty, among other things. As evidenced by the transcript of petitioner's plea hearing, the court complied with these aspects of Rule 11.

Before petitioner entered his plea, the court advised petitioner and others who intended to plead guilty as follows.

> Those of you have indicated through counsel that you are here to enter a plea of guilty to some or all of the charges that have been lodged against you, listen carefully to what I'm going to be saying to you for the next few minutes.
> I am going to be going through an advice of rights to you. After I get through, you will be brought up to counsel table individually with your lawyer, at which time you will be placed under oath and I will ask you some questions.
> The questions that I ask you will be based in large measure on the matters that I'm going to be advising you about now, so it's critically important that you listen carefully to everything that I am saying.
> As I've indicated to you, you will be under oath when you respond to my questions, and if you give an incorrect answer, you could, of course, subject yourself to the penalties of perjury, and you don't want that to happen, and neither do I, so listen carefully.
> When you are brought forward to be questioned by me, if you don't understand a question I've asked you, simply ask me to repeat it -- I'll be glad to do that -- and if you desire to consult with your lawyer before giving your answer in open court, I'll give you an opportunity to do that as well.

(5/7/12 Tr., DE # 59, at 3-4.) The court then went on to advise petitioner and the others of their rights to plead not guilty, to be tried by a jury, and to confront and cross-examine witnesses. (Id. at 4.) The court also informed them that by pleading guilty, they were waiving those rights as well as the right against self-incrimination. (Id. at 4-5.) Then, the court engaged petitioner in a colloquy about the charge pending against him.

> THE COURT: Have you received a copy of the information in the case, the formal charges?
> MR. LEONARD: Yes, I have.
> THE COURT: Have you been over it with your lawyer?
> MR. LEONARD: Yes, Your Honor.

3

> THE COURT: This information charges that from on or about
> February 25th, 2008 continuing until on or about November 30th,
> 2010, in this district and elsewhere, you did unlawfully, knowingly
> and willfully by the use and means and instrumentality of interstate
> commerce and the mail, directly and indirectly, used and employed
> manipulative and deceptive devices and contrivances in connection
> with the purchase and sale of securities in violation of federal
> regulations by employing devices, schemes and artifices to
> defraud, making untrue statements of a material fact and omitting
> to make -- omitting to state material facts necessary in order to
> make a statement made, in the light of the circumstances in which
> they were made, not misleading, and engaging in transactions, acts,
> practices and courses of business which would and did operate as a
> fraud and deceit upon persons in connection with the purchase and
> sale of securities, that is, a series of preferred stock and common
> stock in Photon Therapy USA, Inc., in violation of federal law and
> regulations. I advise you, Mr. Leonard, that this charge constitutes
> a felony under the law of the United States and that you are
> entitled to have this matter presented to a grand jury. Now, I take
> it, sitting where you were in the past 20 minutes or so, you heard
> my explanation to the preceding defendant on the difference
> between an indictment and an information.
> MR. LEONARD: Yes, Your Honor.
> THE COURT: I take it that your lawyer has fully explained this to
> you beforehand as well.
> MR. LEONARD: Yes, sir.

(Id. at 11-12.) The court went on to question petitioner about his understanding of the rights he was waiving.

> THE COURT: Sitting where you were back in the courtroom
> earlier this morning, did you hear the advice that I gave to all of
> you who were facing the Court today on the rights that you have
> under the constitution and laws of the United States on the charges
> you're facing?
> MR. LEONARD: Yes, sir.
> THE COURT: Did you fully understand what I had to say?
> MR. LEONARD: Yes, Your Honor.
> THE COURT: Do you now have any questions you'd like to ask
> me about what I told you?
> MR. LEONARD: No, Your Honor.
> THE COURT: Knowing that you must waive most of those rights
> before you'll be allowed to enter this plea of guilty, are you
> absolutely sure this is what you want to do?
> MR. LEONARD: Yes, Your Honor.

(Id. at 14-15.)

The court questioned petitioner about the plea agreement, and petitioner confirmed that he had read over it and discussed it with his lawyer before signing it. (Id. at 16.) The court asked petitioner whether he understood its contents, and petitioner responded affirmatively. (Id.) The court then recited the pertinent terms of the agreement, at the conclusion of which petitioner acknowledged the court had fairly and accurately summarized. (Id. at 16-18.) Finally, at the court's direction, the Assistant United States Attorney recited what the government would be able to prove if the case went to trial. (Id. at 18-20.) Petitioner agreed "that the government proved what the prosecuting attorney [] stated[.]" (Id. at 20.) It was only then that the court concluded that "the plea was freely and voluntarily entered; at the time it was entered the defendant had a full and complete understanding of the nature of the charges and the maximum penalties provided by law; and that a factual basis exists for the plea." (Id.)

By virtue of the foregoing, the court has complied with Rule 11, particularly in the respects about which petitioner complains. Petitioner argues that he did not understand the nature of the charges because of their complexity and his "lack of formal education or experience in the law," and therefore, the court should have further explained each element of the offense of securities fraud. (Mem., DE # 82, at 25-26.) The court disagrees.

> In explaining the nature of the charges to the defendant, a trial court must take into account both the complexity of the charge and the sophistication of the defendant. In so doing, the trial court is given a wide degree of discretion in deciding the best method to inform and ensure the defendant's understanding. The trial court may look at the availability of counsel, and the defendant's personal characteristics, such as age, education, and intelligence. The court may also examine whether a written plea agreement exists, what its terms are, and whether the defendant has read the agreement. Although the defendant must receive notice of the true nature of the charge rather than a rote recitation of the elements of the offense, the defendant "need not receive this information at the

5

> plea hearing itself. Rather, a guilty plea may be knowingly
> and intelligently made on the basis of detailed information
> received on occasions before the plea hearing."

United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991) (citations omitted).

The charging language in the criminal information to which petitioner pled guilty tracks the elements of securities fraud. (See DE # 1.) In addition, the plea agreement specifically sets forth the elements of securities fraud. (DE # 22, ¶ 3.) As recognized previously, petitioner acknowledged that prior to his plea hearing, he had gone over these two documents with his counsel. The government's proffer at the plea hearing of its case against petitioner (which petitioner acknowledged the government could prove at trial) sufficiently covered the elements of securities fraud.

With regard to petitioner's personal characteristics, petitioner is by no means unsophisticated because of his so-called lack of formal education and experience in the law. Petitioner obtained an associate's degree in business and has taken additional college-level courses. (PSR, DE # 38, ¶ 23.) He authored a book, The Retirement Vault. (See DE # 14 (letter from victim referencing book petitioner wrote and gave to her and enclosing copy).) Although he may not have any legal training, that fact does mean he could not understand the nature of the charge against him and what the government had to prove. At the time of the plea hearing, petitioner was adequately informed of the securities fraud to which he was pleading guilty and understood it.

In sum, the court concludes that because it did not violate Rule 11, petitioner's trial counsel had no reason to object to the manner in which the court conducted petitioner's plea hearing, and therefore, petitioner's ineffective assistance of trial counsel claim fails, see Moore

6

v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996) ("Failure to raise a meritless argument can never amount to ineffective assistance.").

Insofar as petitioner claims that appellate counsel's performance was deficient, that claim likewise fails. See Brooks v. United States, No. 3:02–0092, 2011 WL 1043550, at *12 (S.D.W. Va. Feb. 15, 2011) (proposed findings and recommendation) ("When no merit is found in a claim of ineffective assistance of trial counsel, appellate counsel cannot be found ineffective for failing to raise those same meritless issues on appeal." (citing United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995)), adopted, 2011 WL 1043503 (S.D.W. Va. Mar. 18, 2011).

For the foregoing reasons, the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 14 January 2015.

_____
W. Earl Britt
Senior U.S. District Judge